**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION**

| | | |
|---|---|---|
| BRIDGESTONE AMERICAS TIRE OPERATIONS, LLC, | : : : | Case No. 1:20-cv-575 |
| Plaintiff, | : : | Judge Timothy S. Black |
| vs. | : : | |
| PACIFIC MANUFACTURING OHIO, INC., *et al.*, | : : : | |
| Defendants. | : | |

**ORDER GRANTING DEFENDANTS'
UNOPPOSED MOTION FOR
LEAVE TO FILE UNDER SEAL (Doc. 18)**

This civil action is before the Court on the unopposed motion for leave to file under seal (the "Motion to Seal") submitted by Defendants Pacific Manufacturing Ohio, Inc., Pacific Industries USA Inc., Schrader-Bridgeport International, Inc., and Pacific Industrial Co., Ltd. (collectively, "Defendants"). (Doc. 18).

**I. BACKGROUND**

Plaintiff Bridgestone Americas Tire Operations, LLC ("Plaintiff") has filed suit against Defendants for patent infringement. (Doc. 1 at ¶ 1). Specifically, Plaintiff's Complaint alleges that Defendants have infringed upon Patent Nos. 6,630,885 and 7,161,476 in violation of 35 U.S.C. § 271. (*Id.*)

On October 19, 2020, Defendants filed the Motion to Seal. (Doc. 18). In the Motion to Seal, Defendants ask the Court for leave to file an exhibit ("Exhibit A") under

seal, in connection with a motion to partially dismiss Plaintiff's Complaint. (*Id.* at 1–2; *see also* Doc. 20).

Defendants have submitted Exhibit A to the Court for *in camera* review. Plaintiff does not oppose the Motion to Seal. (*Id.* at 1).

## II. STANDARD OF REVIEW

A district court's decision to seal court records is reviewed for an abuse of discretion. *Beauchamp v. Fed. Home Loan Mortg. Corp.*, 658 F. App'x 202, 207 (6th Cir. 2016) (citing *Shane Grp., Inc. v. Blue Cross Blue Shield of Mich.*, 825 F.3d 299, 306 (6th Cir. 2016)). However, "the district court's decision is not accorded the deference that standard normally brings." *Id.* (quoting *Shane Grp.*, 825 F.3d at 306).

There is a "stark" difference between, on the one hand, the propriety of allowing litigants to exchange documents in secret, and on the other hand, the propriety of allowing litigants to shield from public view those documents which are ultimately relied on in the Court's adjudication. *See Shane Grp.*, 825 F.3d at 305. Parties are typically entitled to a "protective order" limiting the disclosure of documents in discovery upon a mere showing of good cause. *Id.* However, "very different considerations apply" when these materials are filed in the public record. *Id.* (quoting *Joy v. North*, 692 F.2d 880, 893 (2d Cir. 1982)).

Unlike information merely exchanged between the parties, the public has a strong interest in obtaining the information contained in the court record. *Id.* Accordingly, the courts have long recognized a "strong presumption in favor of openness" of court

records. *Id.* (quoting *Brown & Williamson Tobacco Corp. v. F.T.C.*, 710 F.2d 1165, 1179 (6th Cir. 1983)).

The Sixth Circuit has repeatedly explained that a party moving to seal court records must overcome a significant burden. *See Shane Grp.*, 825 F.3d at 305-06; *Beauchamp*, 658 Fed. App'x at 207–08; *Rudd Equip. Co. v. John Deere Constr. & Forestry Co.*, 834 F.3d 589, 593–96 (6th Cir. 2016). According to the Sixth Circuit:

> The burden of overcoming that presumption [of openness] is borne by the party that seeks to seal them. *In re Cendant Corp.*, 260 F.3d 183, 194 (3d Cir. 2001). The burden is a heavy one: "Only the most compelling reasons can justify non-disclosure of judicial records." *In re Knoxville News-Sentinel Co.,* 723 F.2d 470, 476 (6th Cir. 1983). . . . And even where a party can show a compelling reason why certain documents or portions thereof should be sealed, the seal itself must be narrowly tailored to serve that reason. *See, e.g.*, *Press-Enter. Co. v. Superior Court of California, Riverside Cnty.*, 464 U.S. 501, 509–11, 104 S. Ct. 819, 78 L. Ed. 2d 629 (1984). The proponent of sealing therefore must "analyze in detail, document by document, the propriety of secrecy, providing reasons and legal citations." *Baxter*, 297 F.3d at 548.

*Shane Grp.*, 825 F.3d at 305–06.

A movant's obligation to provide <u>compelling</u> reasons justifying the seal exists even if the parties themselves <u>agree</u> the filings should be sealed. *See Rudd Equip.*, 834 F.3d at 595 (noting that the parties "could not have waived the *public*'s First Amendment and common law right of access to court filings") (citation omitted); *see also In re Knoxville*, 723 F.2d at 475 (noting that, in reviewing a motion to seal, the district court has "an obligation to consider the rights of the public"). Simply put, this Court has an

3

obligation to keep its records open for public inspection, and that obligation is not conditioned upon the desires of the parties to the case.  *See Shane Grp.*, 825 F.3d at 306.

A district court that chooses to seal court records must set forth specific findings and conclusions "which justify nondisclosure to the public." *Id.* (quoting *Brown & Williamson*, 710 F.2d at 1176).  A court's failure to set forth reasons explaining why the interests in support of nondisclosure are compelling, why the interests in support of access are less so, and why the seal itself is no broader than necessary is grounds to vacate an order to seal.  *Id.*

### III.  ANALYSIS

In the Motion to Seal, Defendants ask the Court for leave to file Exhibit A under seal, in connection with a motion to partially dismiss Plaintiff's Complaint.  (Doc. 18 at 1–2; *see also* Doc. 20).  On *in camera* review, Exhibit A contains a confidential settlement communication, sent by Plaintiff to Defendant Pacific Industrial Co., Ltd., as part of an attempt to resolve potential litigation.  (*See id.*).  The first page of Exhibit A contains a bold heading, stating as follows: "Federal Rule of Evidence 408 Settlement Communication."  (*See id.*).

The Court concludes that, upon careful consideration, Defendants' Motion to Seal is well-taken.

As an initial matter, there is a compelling reason for sealing Exhibit A.  Under Sixth Circuit precedent, "[t]here exists a strong public interest in favor of secrecy of matters discussed by parties during settlement negotiations."  *Goodyear Tire & Rubber Co. v. Chiles Power Supply, Inc.*, 332 F.3d 976, 980 (6th Cir. 2003).  Here, the settlement

4

proposals contained in Exhibit A constitute just the type of sensitive information deserving of confidentiality under this precedent.

Additionally, the public's interest in the information contained in Exhibit A appears to be limited. At this juncture, it does not appear that the public will need to review the specific contents of Exhibit A to understand either the merits of Plaintiff's claims or the arguments in Defendants' motion to partially dismiss. (*See* Docs. 1, 20). Thus, at this juncture, the public's interest in Exhibit A's disclosure appears to be minimal.[1] *Accord Jackson v. Gen. Elec. Aviation*, No. 1:19-CV-629, 2020 WL 5290535, at *2 (S.D. Ohio Sept. 4, 2020).

Finally, the seal proposed is no broader than necessary to protect Exhibit A's confidential information. The Court is, of course, hesitant to seal Exhibit A in its entirety. After all, the Court has an independent obligation to ensure that any seal authorized is narrowly tailored. Nevertheless, on careful review, the Court concludes that the confidential nature of Exhibit A is too pervasive to permit the use of other, narrower, means of protecting the sensitive information therein (*e.g.*, partial redaction).

## IV. CONCLUSION

Based upon the foregoing, Defendants' Motion to Seal (Doc. 18) is **GRANTED**. The Court **DIRECTS** the Clerk to file Exhibit A under seal.

---

[1] Of course, the Court reserves the right to revisit this determination if, as this case progresses, the specific contents of Exhibit A are placed more directly at issue.

**IT IS SO ORDERED.**

Date: 10/20/2020

*s/Timothy S. Black*
Timothy S. Black
United States District Judge